IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL A. SCRIVEN,

                Plaintiff,

vs.                                          Case No. 20-3110-SAC

SEDGWICK COUNTY BOARD
OF COMMISSIONERS, et al.,

                Defendants.

## **O R D E R**

Plaintiff, pro se, has filed this action alleging a violation of his constitutional rights in relation to incarceration at the Sedgwick County Jail. He brings this case pursuant to 42 U.S.C. § 1983.[1] This case is before the court for the purposes of screening pursuant to 28 U.S.C. § 1915A. The court shall also consider two supplements to the complaint – Doc. Nos. 2 and 5.

## I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

1

liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court may also consider the exhibits attached to the complaint. Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the

elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

A viable § 1983 claim must establish that each defendant caused a violation of plaintiff's constitutional rights. Walker v. Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting Pahls v. Thomas, 718 F.3d 1210, 1228 (10th Cir. 2013)).

> Plaintiffs must do more than show that their rights were violated or that defendants, as a collective and undifferentiated whole, were responsible for those violations. They must identify specific actions taken by particular defendants, or specific policies over which particular defendants possessed supervisory responsibility…

Id. at 1249-50 (quoting Pahls); see also, Robbins v. State of Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)("a complaint must make clear exactly who is alleged to have done what to whom").

II. Plaintiff's complaint

The complaint uses a form for bringing a claim under § 1983. Plaintiff alleges that he was a pretrial detainee in the Sedgwick County Jail on April 20, 2019. He alleges that his constitutional rights were violated by the exercise of excessive force, the denial of medical care, and a failure to protect. The complaint names the following defendants: The Sedgwick County Board of Commissioners; the Sedgwick County Jail; Deputy Corby; Deputy McGonnigal; Deputy Simonis; Sgt. Tucker; and Sgt. Hayes.

Plaintiff asserts that he is disabled from injuries which required a prosthetic hip, a prosthetic pelvis, a prosthetic right femur, as well as plates, pins and screws. On April 20, 2019 he was housed in an "ADA" cell at the jail and plaintiff alleges that defendants were aware of his disability.

Plaintiff alleges that he became engaged in a verbal dispute with defendant Corby which caused Corby to declare that plaintiff would be placed on lockdown. The dispute continued. Defendant Tucker was joined in and increased the length of the lockdown. During the dispute, plaintiff asserts that Corby and Tucker harassed and made fun of plaintiff because of his disability.

According to the complaint, defendants Tucker and McGonnigal approached plaintiff's cell, opened it and handcuffed plaintiff. Plaintiff alleges that the handcuffs were too tight and that defendant McGonnigal cut into plaintiff's hands and wrists with his fingernails which caused bleeding for more than two weeks. Plaintiff alleges that he screamed in pain and was told that he was resisting, although plaintiff denied this. Plaintiff was escorted to and down a flight of stairs by defendants Tucker, McGonnigal and Simonis. Plaintiff alleges that McGonnigal kicked plaintiff's left knee causing plaintiff to fall on the stairs and that he kicked plaintiff a second time. Plaintiff claims that he could neither stand or walk and that, after he asked for care, a wheelchair was delivered to transport plaintiff to the jail's

4

clinic. Plaintiff also alleges that during this time defendant Hayes was witness to what happened but did nothing to help plaintiff.

Plaintiff claims that at the clinic, he was not allowed to answer questions from the nurse. Instead, defendant Tucker answered the questions and told lies. Plaintiff asserts that he received no treatment from a doctor or a nurse and was taken from the clinic in a wheelchair back to his cell. Plaintiff claims that in his cell, defendants Tucker, Hayes, McGonnigal and Simonis lifted plaintiff and dropped him while handcuffed, causing more injuries and pain. He also claims that he was kneed in the back and the ribs. Plaintiff asserts that CT scans show that hardware in his back was fractured and that his back was fractured.

The complaint lists seven counts which overlap to some degree: Count 1 – excessive force; Count 2 – denial of due process; Count 3 – deliberate indifference – Fourteenth Amendment; Count 4 – equal protection; Count 5 – supervisory liability – excessive force; Count 6 – failure to provide medical care; Count 7 – Eighth Amendment – infliction of pain – no medical care. Although seven counts are listed, there seem to be three general claims: excessive force, failure to protect, and denial of medical care.

III. Screening

   A. Constitutional protections for pretrial detainees

The complaint alleges that plaintiff is a pretrial detainee. Claims of mistreatment while in state pretrial confinement are not covered by the Fourth Amendment or the Eighth Amendment. Colbruno v. Kessler, 928 F.3d 1155, 1162 (10th Cir. 2019). They are assessed under the Fourteenth Amendment. Id. Nevertheless, the standards have similarities. In Kingsley v. Hendrickson, 576 U.S. 389 (2015), the Supreme Court held an objective reasonableness standard governs excessive force claims brought by state pretrial detainees under the due process provisions of the Fourteenth Amendment. The Tenth Circuit has held that failure to protect claims brought by pretrial detainees are covered by an objective and subjective deliberate indifference standard under the Fourteenth Amendment's due process clause. Contreras on behalf of A.L. v. Dona Ana County Board of County Commissioners, 965 F.3d 1114 (10th Cir. 7/20/2020)(concurring opinion of Judge Baldock at n.3)(citing Lopez v. LeMaster, 172 F.3d 756, 759 n.2 (10th Cir. 1999)). "'The constitutional protection against deliberate indifference to a pretrial detainee's serious medical condition springs from the Fourteenth Amendment's Due Process Clause.'" Sawyers v. Norton, 962 F.3d 1270, 1282 (10th Cir. 2020)(quoting Burke v. Regalado, 935 F.3d 960, 991 (10th Cir. 2019)). The Tenth Circuit has applied the Eighth Amendment's deliberate indifference

analysis to such cases. Id. For the purposes of screening, the court will do so here.

B. Sedgwick County Jail is not a suable entity.

This court has held that a county detention center, which does not have the authority to sue or be sued, is not a "person" that may be sued for violations of § 1983. See, e.g., Bryant v. Butler County Detention Facility, 2018 WL 572032 *3 (D.Kan. 1/26/2018)(Butler County Detention Facility may not be sued under § 1983); Gray v. Kufahl, 2016 WL 4613394 *4 (D.Kan. 9/6/2016)(Lyon County Detention Center is not a suable entity); Baker v. Sedgwick County Jail, 2012 WL 5289677 *2 n.3 (D.Kan. 10/24/2012)(Sedgwick County Jail is not a suable entity under § 1983); Chubb v. Sedgwick County Jail, 2009 WL 634711 *1 (D.Kan. 3/11/2009)(same); Howard v. Douglas County Jail, 2009 WL 1504733 *3 (D.Kan. 5/28/2009)(Douglas County Jail is not a "person" subject to suit under § 1983). Therefore, plaintiff's claims against the Sedgwick County Jail should be dismissed.

C. Plaintiff does not state a claim against the Board of County Commissioners.

The doctrine of respondeat superior or vicarious liability does not apply in § 1983 cases. Schneider v. City of Grand Junction Police Dept., 717 F.3d 760, 767 (10th Cir. 2013). Plaintiff must facts demonstrating that a county policy caused the alleged constitutional violation. See Connick v. Thompson, 563 U.S. 51,

60-61 (2011).  Official policy includes "the decisions of a government's lawmakers, the acts of policymaking officials, and practices so persistent and widespread as to practically have the force of law." Id. at 61.  Plaintiff does not allege facts in the complaint which plausibly demonstrate that a county policy was responsible for his alleged injuries.  Plaintiff mentions "poor supervision" and "negligent hiring and training."  Negligence, however, is not grounds for liability under § 1983.  See Kingsley v. Hendrickson, 576 U.S. 389, 396 (2015); Darr v. Town of Telluride, Colo., 495 F.3d 1243, 1257 (10th Cir. 2007).  Moreover, plaintiff's conclusory claims of a lapse of supervision or poor hiring and training are insufficient to state a claim.  See Soto for Estate of Jimenez v. Board of County Commissioners, 748 Fed.Appx. 790, 794-95 (10th Cir. 2018).

D. Plaintiff does not state a claim against Wellpath.

It appears that Wellpath is a corporation which provides health care services for the Sedgwick County Jail.  While Wellpath may be considered as a person acting under color of state law for purposes of § 1983, as already noted, it may not be held liable based upon respondeat superior – that is, solely because it employs someone who violated the Constitution.  As with the Board of County Commissioners, a § 1983 claim against Wellpath must allege facts showing a policy or a custom which was responsible for plaintiff's injuries.  See Wabuyabo v. Correct Care Sols., 723 Fed.Appx. 642,

8

643 (10th Cir.) cert. denied, 139 S.Ct. 427 (2018) ("[T]o state a claim against CCS, [Plaintiff] must identify an official policy or custom that led to the alleged constitutional violation.") see also, Buchanan v. Johnson Cty. Sheriff's Dep't, 2019 WL 3453738 *4 (D.Kan. July 31, 2019)(dismissing claim against Correct Care Solutions for failure to allege in policy or custom leading to a constitutional violation). Plaintiff has failed to allege such facts. Consequently, his claim against Wellpath is subject to dismissal for failure to state a claim.

    E. Plaintiff does not state a claim against defendant Corby.

The complaint makes general and conclusory claims that defendant Corby "created the danger" and did not protect plaintiff's right to medical care.  These assertions are insufficient to state a claim for relief.  The specific facts alleged regarding defendant Corby are that she engaged in a verbal dispute with plaintiff regarding when and where he should disrobe before taking a shower.  This dispute allegedly included harassment or ridicule by Corby, and Corby allegedly declared some administrative punishment against plaintiff.  None of this amounts to excessive force, a failure to protect or a denial of medical care.  It fails to state a cause of action under § 1983.

    F. Count 4

Count 4 generally alleges a denial of plaintiff's equal protection rights.  To allege an equal protection violation,

9

plaintiff must state facts indicating that defendants treated him differently than other similarly situated individuals.  See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).  To prove an equal protection violation a plaintiff has the burden of proving "the existence of purposeful discrimination," McCleskey v. Kemp, 481 U.S. 279, 292 (1987) (quoting Whitus v. Georgia, 385 U.S. 545, 550 (1967)), and that the purposeful discrimination "had a discriminatory effect." Id. (quoting Wayte v. United States, 470 U.S. 598, 608 (1985)).  Here, plaintiff alleges that on the day in question he felt verbally harassed or belittled because of his disabled status.  He does not claim that he was harmed by the verbal abuse, however.  He does claim harm from excessive force and a denial of medical care, but plaintiff does not allege facts showing that he suffered excessive force or a denial of medical care because of his disability.  This requires more than conclusory statements.  See Khalik, 671 F.3d at 1193 (conclusory allegations of false investigation and criticism, and of exaggerated and false reasons for termination fail to state a claim for employment discrimination by Arab-American terminated from job where there were no allegations of similarly situated employees who were treated differently).

For these reasons, it appears to the court that plaintiff has failed to state a claim for a denial of his equal protection rights.

G. Count 7

Count 7 is duplicative of the other counts and alleges a violation of the Eighth Amendment which, as discussed previously, does not apply to pretrial detainees. For these reasons, Count 7 is subject to dismissal.

IV. Supplements to the complaint

The court has received two short pleadings which have been docketed as supplements to the complaint. Doc. Nos. 2 and 5. One seeks to add Dr. Stopp as a defendant and one seeks to add "nurse Ryan" as a defendant. The court shall treat these pleadings as motions to amend and shall deny the motions without prejudice. In this order, plaintiff shall be granted the opportunity to file an amended complaint. Plaintiff may use that opportunity to make changes in the complaint if he so wishes.

V. Conclusion

For the above-stated reasons, the court believes that defendants Sedgwick County Jail, Sedgwick County Board of County Commissioners, Wellpath, and Deputy Corby are subject to dismissal. The court also finds that Counts 4 and 7 are subject to dismissal and that the supplements to the complaint (Doc. Nos. 2 and 5), treated as motions to amend, should be denied without prejudice. The court shall direct that plaintiff by September 11, 2020 show cause why these defendants and claims should not be

11

dismissed as explained in this order.  In the alternative, plaintiff may file an amended complaint by September 11, 2020 which corrects the deficiencies discussed herein.  An amended complaint supersedes the original complaint and must contain all of the claims upon which plaintiff wishes to proceed.  An amended complaint should not refer back to the original complaint.

**IT IS SO ORDERED.**

Dated this 14th day of August, 2020, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge