IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL SCRIVEN, )
)
        Plaintiff, )
v. ) Case No. 20-3110-JAR-KGG
)
DEPUTY CORBY, *et al.*, )
)
        Defendants. )
_____)

**MEMORANDUM & ORDER DENYING MOTION FOR ORDER**

Plaintiff filed his Amended Complaint (Doc. 18), *pro se*, on November 5, 2020, pursuant to 42 U.S.C. §1983, alleging violations of his Constitutional rights under the Eighth and Fourteenth Amendments.  In his Amended Complaint, Plaintiff alleges that deputies at the Sedgwick County Adult Detention Facility were aware that he suffered from various health problems, insulted him about them, attempted to provoke him, and treated him roughly.  He further alleges that he was denied proper medical care and that Defendants were deliberately indifferent to his medical conditions.

The Court notes Defendants' frustration regarding the precise nature of Plaintiff's motion and what he is actually seeking from the Court.  As the Court reads Plaintiff's motion, he ostensibly seeks an Order requiring Defendants to produce whatever evidence they have gathered thus far relating to this lawsuit. (*See* Doc. 35, at 5-6.)  Plaintiff states that he is seeking an Order requiring "the

Sedgwick County Jail, the Clerical Department and the inmate coordinator to produce all records and documents and other items that will be gathered (subpoenaed records and documents that are sent in) in the anticipation of the upcoming legal proceedings in this case." (*Id.*)

This request is **DENIED** as premature. Pursuant to Fed.R.Civ.P. 26(d), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) … ." Because Motions to Dismiss was filed in this case (Docs. 36, 40), the Court has not yet set a timeframe for the parties to engage in their Rule 26(f) discovery planning conference. As such, discovery in this case may not yet occur.

If Plaintiff has claims that survive the resolution of the Motions to Dismiss, the Court will then order the parties to engage in their Rule 26(f) conference. After that has conference has occurred, Plaintiff may begin to request specific evidence from Defendants through the various discovery methods allowed by the Federal Rules, including Interrogatories and Requests for Production of Documents. Fed.R.Civ.P. 33, 34. The Court notes, however, that to the extent Plaintiff seeks Defendants' work product (or information protected by the attorney-client privilege), he will not be entitled to such information.

Plaintiff also appears to raise complaints about the manner in which he is allowed to receive his mail. His motion states that "[i]nmates are allowed to

receive legal mail and other legal related documents and to receive them unopened. (Doc. 35, at 3.) In his reply, he contends that if his subpoenaed materials are "taken and opened and deposited into an application that any of the defendants in this case can access the contents of the information in the system it would divulge the plaintiff's legal impressions." (Doc. 44, at 5-6.)

The Court does not agree that information Plaintiff has subpoenaed from third parties constitutes his work product. Plaintiff has not explained how documents created and maintained by third parties could contain his mental impressions or legal analysis in preparation for this litigation. Further, Defendants will be aware of any information subpoenaed by Plaintiff from third parties in this case because Plaintiff is required to serve a notice and copy of any such subpoena on Defendants before it is served on any third party. *See* Fed.R.Civ.P. 45(a)(4). Plaintiff's motion is, therefore, **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 26th day of February, 2021.

s/ Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge