## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MICHAEL A. SCRIVEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-3110-JAR-KGG |
| | ) | |
| SEDGWICK COUNTY BOARD OF | ) | |
| COMMISSIONERS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM & ORDER ON
## <u>REQUEST FOR COUNSEL, STAYING PROCEEDINGS</u>

Soon after filing his federal court Complaint alleging violations of his civil

rights (Doc. 1), Plaintiff Michael Scriven filed a motion requesting appointment of

counsel, which was denied without prejudice by the previously-assigned

Magistrate Judge. (Docs. 15, 17.) Plaintiff has since filed a renewed request for

counsel. (Doc. 67.) After consideration of Plaintiff's arguments, the undersigned

Magistrate Judge **GRANTS** Plaintiff's motion.

There is no constitutional right to have counsel appointed in civil cases such

as this one. ***Beaudry v. Corr. Corp. of Am.***, 331 F.3d 1164, 1169 (10th Cir. 2003).

"[A] district court has discretion to request counsel to represent an indigent party in

a civil case" pursuant to 28 U.S.C. § 1915(e)(1). ***Commodity Futures Trading Comm'n v. Brockbank***, 316 F. App'x 707, 712 (10th Cir. 2008).  The decision whether to appoint counsel "is left to the sound discretion of the district court." ***Lyons v. Kyner***, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual:  (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel.  ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.  ***Castner***, 979 F.2d at 1421.

Considering Plaintiff's incarceration status and income (*see* Doc. 16), the Court is satisfied that his financial situation would make it impossible for him to afford counsel.  The second factor is Plaintiff's diligence in searching for counsel. Before filing his original motion, Plaintiff contacted the requisite number of

attorneys regarding representation.  Plaintiff's diligence in seeking counsel weighs in his favor.

The next factor is the viability of Plaintiff's claims in federal court.  *See McCarthy*, 753 F.2d at 838-39 (10th Cir. 1985); *Castner*, 979 F.2d at 1421.  One of the stated reasons the prior Magistrate Judge assigned to the case denied Plaintiff's initial request for counsel is because he found that the merits of the case were unclear at that time.  (Doc. 17.)  Plaintiff has since survived, in part, Defendants' various Motions to Dismiss.  (*See generally* Doc. 61.)  Thus, the concerns regarding the merits of Plaintiff's case have been resolved in Plaintiff's favor.

The final factor is Plaintiff's capacity to prepare and present the case without the aid of counsel.  *Castner*, 979 F.2d at 1420-21.  In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts.  *Id*., at 1422.  The Court notes that the factual and legal issues in this case are not unusually complex.  *Cf. Kayhill v. Unified Govern. of Wyandotte*, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

In addition, many other untrained individuals represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day.

Although Plaintiff is not trained as an attorney, and while an attorney might present this case more effectively, this fact alone does not warrant appointment of counsel.  The Court also notes that Plaintiff successfully navigated the motion to dismiss process without the assistance of counsel.

That stated, Plaintiff has indicated that he sustained a traumatic brain injury and suffers from resulting "cognitive inabilities, lack of concentration, and loss of short term memory."  (Doc. 67, at 2.)  As such, Plaintiff has provided the Court with a significant basis to distinguish himself from the other individuals representing themselves in federal courts.  Considering all the relevant factors, Plaintiff's Motion to Appoint Counsel (Doc. 67) is **GRANTED**.  This case is **STAYED** until the Court can find counsel for Plaintiff and that counsel enters an appearance on behalf of Plaintiff.

IT IS THEREFORE ORDERED that Plaintiff's motion for appointment of counsel (Doc. 67) is **GRANTED**.

IT IS FURTHER ORDERED that this case is **STAYED** until counsel enters an appearance on behalf of Plaintiff.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 13TH day of August, 2021.

s/KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge

4